# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**BERNAR ESPANOL, and all others
who are similarly situated and consent
to their inclusion,**

      **Plaintiffs,**

**v.**                                **Case No.  8:10-cv-944-T-30AEP**

**AVIS BUDGET CAR RENTAL,
LLC, and BUDGET RENT A CAR
SYSTEM, INC.,**

      **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion and Memorandum of Law to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members (Dkt. 50), Defendants' Opposition to same (Dkt. 65), and Plaintiffs' Reply (Dkt. 69).  The Court, having reviewed the motion, response, reply, and being otherwise advised in the premises, concludes that the motion should be granted in part.

## BACKGROUND

Plaintiff Bernar Espanol seeks conditional certification to send notice of this lawsuit to other individuals who worked as shift managers from April 21, 2007, to the present, at 82 of Defendants' nationwide airport locations.  Plaintiff claims that Defendants misclassified him and all "similarly situated" shift managers as exempt, thereby denying them overtime

compensation in violation of the Fair Labor Standards Act, 29 U.S.C. §206, *et seq.* ("FLSA").

Defendant Avis Budget Car Rental, LLC ("Avis") operates approximately 1,000 rental car facilities in the United States, about 200 of which are airport locations. Defendant Budget Rent A Car System, Inc. ("Budget") operates approximately 800 rental car facilities in the United States, about 185 of which are airport locations. Avis and Budget are subsidiaries of Avis Budget Group, Inc. Budget and Avis operate together to the extent that both companies conduct the same training, have merged human resources operations, use the same system to rent cars, seek prospective employees the same way, and regularly transfer employees and cars between them.

Shift managers are the lowest level of management, with airport managers, district managers, branch managers, station managers, production managers, distribution managers, and city managers above them in the management chain. Defendants also employ customer service agents, customer sales agents, and other hourly workers.

Plaintiff moves for conditional certification because Plaintiff claims the putative class members primarily engage in non-exempt tasks. Specifically, Plaintiff contends that shift managers predominantly rent, clean, or move cars, and lack managerial discretion. Plaintiff limits his proposed class definition to 82 airports with an average volume of more than 1 million or more passengers. Each airport contains a Budget or Avis office either on the airport property or nearby.

The docket reflects that approximately eight individuals filed notices of consent to join  this lawsuit as of the date of this Order. Also, Plaintiff points out that in *Ravenell v.*

*Avis Budget Car Rental, LLC & Avis Rent a Car System, LLC*, Case No. 08-cv-2113

(SLT)(ALC), the district court in the Eastern District of New York approved a nationwide

collective action that similarly involved Avis shift managers.  Plaintiff's proposed notice in

this case is distinguishable from the notice issued in *Ravenell* to the extent that it involves

different dates, focuses on 82 specific Budget and Avis locations, and excludes any

individual covered under *Ravenell*.

## DISCUSSION

Pursuant to the FLSA,

> [a]n action to recover [unpaid minimum wage or overtime compensation] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. §216(b).

The Eleventh Circuit recommends a two-tiered procedure for district courts to

determine whether to certify a collective action under §216(b).  *Cameron-Grant v. Maxim*

*Healthcare Sys.*, 347 F.3d 1240, 1242 (11th Cir. 2003) (*citing Hipp v. Liberty Nat'l Life Ins.*

*Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001)).  The first tier, known as the notice stage, is

relevant here.  "At the notice stage, the district court makes a decision -- usually based only

on the pleadings and any affidavits which have been submitted -- whether notice of the action

should be given to potential class members."  *Id.* at 1243.  The Court must determine whether

other employees desire to opt-in and whether those employees are similarly situated. *Dybach v. State of Fla. Dep't of Corrs.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

The onus is on Plaintiff to demonstrate a reasonable basis for the assertion that other employees desire to opt-in. *Rodgers v. CVS Pharmacy, Inc.*, 2006 WL 752831 at, *3 (M.D. Fla Mar. 23, 2006) (*quoting Haynes v. Singer Co., Inc.*, 696 F. 2d 884, 887 (11th Cir. 1983)). Mere belief or unsupported expectations that additional plaintiffs will come forward are insufficient to justify certification. *Id.*; *see also David v. Associated Out-Door Clubs, Inc.*, 2010 WL 1730702 (M.D. Fla. Apr. 27, 2010).

Here, no dispute appears to exist that Plaintiff demonstrates that other employees desire to opt-in this action. At least eight individuals have filed notices of consent to opt-in this action. And the *Ravenell* case demonstrates that it is more likely than not that additional shift managers will desire to join this lawsuit.

The Court also concludes that Plaintiff establishes the similarly situated element at this stage. Despite Defendants' argument to the contrary, the Court is determining only step one of the two-step certification process, i.e., the notice stage. And at the notice stage, Plaintiff must show that other similarly situated employees desire to opt-in to this action. Plaintiff satisfies this showing. Indeed, Plaintiff presents substantial evidence, in the form of deposition testimony, affidavits, and declarations, that shift managers spend a majority of their time on non-exempt work, such as cleaning, moving, and renting cars, and lack the ability to hire, fire, train, or exercise discretion. Also, Plaintiff's evidence reflects that little to no distinction exists between the operations of Avis and Budget.

Importantly, this case is distinguishable from the Court's recent holding denying conditional certification of a nationwide class of general and assistant restaurant managers in *Ramos v. Burger King Corp.*, 2011 WL 4634024 (M.D. Fla. Oct. 6, 2011).  In *Ramos*, the plaintiffs' proposed class included every Burger King location, regardless of its size, and the plaintiffs' affidavits provided "no real evidence, beyond their speculative beliefs, that all [Burger King] managers across the nation, regardless of location or experience, receive[d] the same compensation and are required to work in the same manner."  *Id.* at *2.

Accordingly, Plaintiff's motion is granted to the extent that Plaintiff is requesting conditional certification of all persons who are or were formerly employed by Defendants at any time since April 20, 2007 as a "shift manager" in the specified 82 airport locations, who were not paid overtime for work performed over 40 hours in a one-week period, and have not filed a claim for wages in the *Ravenell* case.  Plaintiff's motion is denied to the extent that it requests an order prohibiting Defendants from retaliating against any current or former employee who consents to their inclusion in this action.

It is therefore ORDERED AND ADJUDGED that:

1.      Plaintiff's Motion and Memorandum of Law to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members (Dkt. 50) is GRANTED in part.

2.      The parties are directed to confer about the form and content of the notice that will be sent to potential opt-in plaintiffs.  A joint proposed notice shall be filed within fourteen (14) days of this Order.  If the parties cannot agree on a proposed notice, Defendants

shall file their version containing the red-lined edits of the current proposed notice within fourteen (14) days of this Order.

      3.     The parties shall file an amended Case Management Report within fourteen (14) days of this Order.

      4.     Defendants shall produce to Plaintiff within thirty (30) days of this Order the names and addresses of potential collective action members.

      5.     The parties shall conduct mediation within sixty (60) days of this Order. Plaintiff Bernar Espanol is hereby appointed as the Class Representative to facilitate the negotiations at the scheduled mediation(s) before Mediator, James Brown, and has the authority to enter into a proposed settlement agreement for all overtime claims that are the subject of this lawsuit on behalf of all plaintiffs who choose to opt-in this action (with any class settlement subject to the Court's approval).

      **DONE** and **ORDERED** in Tampa, Florida on October 18, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-944.mtcertifyflsa50.frm