**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | | |
|---|---|---|
| BERNAR ESPANOL, and all others who are similarly situated and consent to their inclusion, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO.  8:10-cv-944T30 |
| v. | ) ) | |
| AVIS BUDGET CAR RENTAL, LLC, and BUDGET RENT A CAR SYSTEM, INC., | ) ) ) | **Document Filed via ECF** |
| Defendants. | ) ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION
FOR LEAVE TO FILE AN INTERLOCUTORY APPEAL AND
FOR STAY OF PROCEEDINGS UNDER 28 U.S.C. § 1292(b)**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT..........................................................................................................2

    A. Defendants are Seeking Review of a Legal Determination ......................2

    B. The Use of Representative Evidence Must Comport with Due Process...................4

III. CONCLUSION......................................................................................................6

# **TABLE OF AUTHORITIES**

**Cases**

*Anderson v. Mt. Clemens Pottery Co.*,
  328 U.S. 680 (1946) .................................................................................................. 1, 4, 8

*Comcast Corp. v. Behrend*,
  133 S.Ct. 1426 (2013) ....................................................................................................... 1

*Duran v. U.S. Bank, N.A.*,
  No. 5200923, __ P.3d __, 2014 WL 2219042 (Cal. May 29, 2014) ................................. passim

*Espenscheid v. DirectSat USA, LLC*,
  2013 U.S. App. LEXIS 2409 (7th Cir. Feb. 4, 2013) .......................................................... 1, 2, 8

*Johnson v. Big Lots Stores, Inc.*,
  561 F.Supp. 2d 567 (E.D.La. Jun 20, 2008) ............................................................................ 2

*Thompson v. Bruister & Assocs., Inc.*,
  2013 U.S. Dist. LEXIS 139374 (M.D. Tenn. Sept. 27, 2013) ................................................ 2, 3

*Wal Mart Stores, Inc. v. Dukes*,
  131 S.Ct. 2541 (2011) ...................................................................................................... 1, 7

**Regulations**

29 C.F.R. § 541.100 ................................................................................................................ 4

29 C.F.R. § 541.200 (a) (1)-(3) ................................................................................................ 4

**I.     INTRODUCTION**

In their opposition to Defendants' Motion for Leave to File an Interlocutory Appeal and for a Stay of Proceedings under 28 U.S.C. § 1292(b), Plaintiffs cavalierly assert that *Comcast Corp. v. Behrend*, 133 S.Ct. 1426 (2013) and *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541 (2011) are inapplicable to FLSA collective actions brought pursuant to 29 U.S.C. § 216(b) and assert that *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946) permits the trial of all collective actions on the basis of "representative" evidence.  Plaintiffs' reading of *Comcast, Dukes* and *Mt. Clemens* is fundamentally flawed, because it fails to acknowledge that defendants' due process rights are not diminished in the context of an FLSA collective action, nor can they be ignored in the context of class certification.  *Espenscheid v. DirectSat USA, LLC*, 2013 U.S. App. LEXIS 2409 (7th Cir. Feb. 4, 2013).

The California Supreme Court's recent decision in *Duran v. U.S. Bank, N.A.*, No. 5200923, __ P.3d __, 2014 WL 2219042 (Cal. May 29, 2014), comprehensively analyzed the significant due process implications of trying a misclassification case on the basis of representative evidence and validates Defendants' arguments that an interlocutory certification under 28 U.S.C. §1292(b) is appropriate in this case and that a substantial ground for difference of opinion exists.  As the court in *Duran* stated, part and parcel of a court's class certification analysis must be the consideration of a viable trial plan, developed by experts, if the plaintiffs intend to proceed to trial on the basis of representative evidence.  Such a trial plan must be carefully crafted to ensure that defendants are permitted to challenge liability as well as present their affirmative defenses.  The use of a class or collective action device might be desirable from an efficiency standpoint, but it cannot run roughshod over a defendant's right to due process.

The Supreme Court's rulings in *Comcast* and *Dukes* have forced courts to reexamine defendants' due process rights in the context of class-based litigation, prompting a sea change

and upsetting much conventional wisdom concerning the propriety of class certification when liability and damages are not susceptible of representative proof.  Courts have begun to reevaluate class certification decisions in light of the concomitant responsibility to ensure that, if certified, a case can be tried consistent with due process.  *See e.g. Duran, supra.; Espenscheid, supra; Thompson v. Bruister & Assocs., Inc.*, 2013 U.S. Dist. LEXIS 139374 (M.D. Tenn. Sept. 27, 2013); *Johnson v. Big Lots Stores, Inc.*, 561 F.Supp. 2d 567 (E.D.La. Jun 20, 2008).  Such an issue is entirely appropriate for § 1292(b) review.  *Thompson, supra*.

II.    **ARGUMENT**

    A.    **Defendants are Seeking Review of a Legal Determination**

Plaintiffs mischaracterize Avis' arguments in favor of an appeal under 1292(b), claiming that Avis seeks a redetermination of questions of fact, rather than of law.  Plaintiffs' argument is belied by the *Thompson* case, which found this exact issue appropriately certified under section 1292(b). *See Thompson* at *\*19-22*.  The issue of whether a collective trial under section 216(b) may proceed, where class wide liability cannot ascertained from representative evidence, is a legal determination appropriate for review under section 1292(b).

Plaintiffs suggest that the appellate court would have to review the factual record considered by this Court in order to evaluate Defendants' 1292(b) arguments.  To the contrary, Defendants are not complaining about what was actually reviewed by the Court, but rather about what was not considered.  In its opinion granting second-stage class certification, the Court had before it a limited factual record comprised of seven shift managers who were deposed in conjunction with conditional certification and 20 plaintiffs who were deposed for discovery related to decertification, of whom 10 deponents were selected by Defendants and 10 were selected by Plaintiffs. (DE 238.)  In its opinion, this Court noted that Defendants would be able

2

to present their "exemption defenses" on an individualized basis and that such defenses would not "make this collective action unmanageable." (DE 316 at 7-8.)

Notably absent from the Court's analysis was any consideration of how each plaintiff can prove liability or exactly how Defendants' right to present their exemption defenses on an individualized basis can be done consistent with due process. Plaintiffs' only argument has been that "it is well settled that representative testimony can be used to prove liability and damages in a collective action under 29 U.S.C. § 216(b)." (DE 322 at 6.) What Plaintiffs fail to acknowledge is that not all collective actions are the same, and what might suffice to comport with due process in one case may not in another.

The *Duran* court specifically rejected an interpretation of *Mt. Clemens* to permit the use of representative evidence to prove an employer's liability in a misclassification case, as Plaintiffs here urge. (*Id*., slip op at p. 39). *Mt. Clemens* is misconstrued by Plaintiffs, as it created a burden-shifting process and permitted representative testimony to establish *damages*, not *liability*, and even then in unique factual circumstances. *Mt. Clemens* involved allegations of "off-the-clock" work, including time spent walking to work stations and donning and doffing various items. 328 U.S. at 683. Notably, it was undisputed that the experiences of all of the plaintiffs were identical, and no exemption defenses were asserted. *Mt. Clemens, supra*. Because the employer did not have records of the actual time worked in preliminary and postliminary activities, the Supreme Court allowed proof of the amount of such time to establish the amount of damages upon "just and reasonable inference." 328 U.S. at 687. The Court permitted such "just and reasonable inference" however, only *after* the plaintiffs had already proven liability. *Id*. "The *Mt. Clemens* rationale is not sufficient to support the use of sampling to prove an employer's *liability*…." (emphasis in original)(*Duran*, slip. op. at p. 39). In *Mt.*

3

*Clemens*, once it was established that the activities at issue were compensable time as a matter of law, the only issue to be determined was how much time the activities took. Presumably, the amount of time to walk from Point A to Point B, or to don an apron or pair of boots was the same for every employee. Such uniformity simply does not exist in a misclassification case, which by its very nature involves showing on an individual basis what duties were actually performed and how long each person worked.[1] Unlike in *Mt. Clemens*, there is no basis to believe that the work duties or hours worked of different plaintiffs are in any way interchangeable.

B.     The Use of Representative Evidence Must Comport with Due Process

As the California Supreme Court recently confronted in *Duran*, the use of representative testimony in a misclassification case poses significant due process concerns. Plaintiffs have offered no basis from which it can be concluded that the limited deponents in this case are representative of the other class members. No statistical analysis was performed to establish that the deponents were representative of the other class members, nor was any attempt made to ensure that the deponents were selected randomly. Whether plaintiffs were properly classified as exempt from the FLSA's overtime requirements in a misclassification case depends entirely on their individual job duties. *See* 29 C.F.R. § § 541.100, 541.200 (a) (1)-(3). As the *Duran* court noted, in a misclassification case, whether a given employee is properly classified depends in

---

[1] Plaintiffs testified to wildly divergent duties and hours worked. *See* Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Second-Stage Certification (DE 266). For example, some Plaintiffs testified to an integral role in interviewing and hiring employees, while others claimed far less responsibility (DE 266 at pp. 8-12), some employees freely admitted to supervising dozens of other employees, others claimed to have had virtually no supervisory authority (DE 266 at pp. 14-20), some admitted to being free from direct supervision (DE 266 at pp. 25-26) and some testified to varying amounts of authority over personnel actions such as hiring, firing and disciplinary actions (DE 266 at pp. 29-31). Testimony concerning hours worked was likewise inconsistent, reflecting wide variability between deponents. (DE 266 at pp. 33-35) Some Plaintiffs claimed to work 50 hours a week, some 65 or 70 hours a week, and one even claimed to routinely work up to 80 hours or more in a work week. (*Id.*)

4

large part on an employee's individual circumstances, *not* the employer's intent. (*Id*., slip op at p. 30). "Liability to one employee is in no way excused or established by the employer's classification of other employees." (*Id*.).

There has been no showing that the respective experiences of the deponents can be extrapolated to the remaining class members, who worked under different supervisors, at different work locations, on different shifts and under different circumstances.[2] Representative testimony cannot generate factual answers common to the class, but only some approximation which may or may not resemble the circumstances of the remaining class members. Such purported representative proof, in the absence of scientifically sound statistical sampling and validation, can only operate to create a hypothetical plaintiff and a "Trial by Formula." This is the type of due process violation explicitly condemned in *Dukes, Espenscheid* and, most recently, in *Duran.*

The *Duran* court's opinion was driven by the fundamental principal enunciated in *Dukes* that class litigation procedural devices may not operate to abridge a party's substantive rights. (*Id*., slip op at p. 30) The right of a defendant to require proof of liability from each plaintiff, and to assert affirmative defenses, are substantive rights which cannot be ignored, just because they are inconvenient in light of plaintiff's preferred method of litigation.[3] (*Id*., slip op at p. 30). As the *Duran* court acknowledged, a class action trial may be appropriate to establish that an employer is liable to an entire class, if it can be shown that the employer had a consistently applied policy which, on its face, is in violation of the law. (*Id*., slip op at p. 34) Here, however,

---

[2] The class includes Shift Managers working at 82 different airports, in 37 different states, plus the District of Columbia and Puerto Rico. (DE 50 Exh. 20 at p. 3)

[3] Defendants intend to assert numerous individualized defenses and issues, including exempt classification status, statute of limitations, jury trial waivers and inconsistencies between plaintiffs' resumes and self-evaluations and their sworn testimony. (DE 266 at pp. 35-39)

5

the only commonality is Avis' classification of the Shift Manager job position as exempt. Plaintiff's entire case is premised upon proving that the individual shift managers did *not* actually perform the exempt job duties as contained in their job descriptions.

The determination that it is appropriate to certify a class must consider, not just whether common questions exist, but whether they can actually be answered collectively, and whether it will feasible to try the case on a representative basis. As the *Duran* court observed, settlement should never be treated as a foregone conclusion, nor can it be forced upon a defendant by the threat of a trial which does not comport with principles of fundamental fairness. (*Id*., slip op at p. 34) *Dukes* stands for the proposition that proceeding on classwide basis requires that the dispositive questions be "capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes,* 131 S.Ct. at 2551. Here, evidence that one shift manager did not perform the duties outlined in his job description, or ten or even twenty did not do so, in no way proves what the scores of other plaintiffs did or did not do in the course of their workdays. As the *Duran* court stated, "a misclassification claim has the potential to raise numerous individual questions that may be difficult, or even impossible, to litigate on a class wide basis. Class certification is appropriate only if these individual questions can be managed with an appropriate trial plan." (*Duran*, slip op at p. 39).

### III.     CONCLUSION

Whether a case may proceed to a collective trial under § 216(b), where classwide liability and damages cannot be ascertained from representative evidence, and whether a decision to classify a job title as exempt renders all persons in that job title "similarly situated," such that a collective trial would comport with due process, are questions of law appropriate for §1292(b) certification. *Espenscheid, supra.* "Trial by Formula" deprives a defendant of due process, as it

relieves each plaintiff of his or her obligation to prove liability and denies defendants the opportunity and right to present individualized defenses to each plaintiff.  The Supreme Court in *Dukes* and *Comcast* admonished courts to consider these principles of fundamental fairness in the context of certifying class-based litigation.  For far too long, courts and parties have assumed, without critical analysis, that representative testimony is simply a necessary component of class-based litigation.  *Dukes, Comcast, Espenscheid,* and now *Duran* serve to remind us that we have historically forced representative evidence upon parties in order to make class-based litigation manageable.  This has inverted the proper analysis, as class-based litigation is not a *right*, but is merely a procedural mechanism, which is appropriate only in certain contexts and circumstances.  Representative evidence may be appropriate in certain "donning and doffing" cases, where all plaintiffs routinely do the same task, in the same amount of time.  *Mt. Clemens, supra.*  The same cannot be said, however, of misclassification cases.  Misclassification cases pose particular challenges for collective treatment, as they necessarily involve individualized inquiries into daily work activities and hours worked of different employees. *Duran, supra.*  In the absence of scientifically sound statistical methodologies and a trial plan which fully respects the due process rights of defendants, a case cannot be properly certified for a collective trial based upon representative evidence under § 216(b).  Because the Court did not consider these elements in its second stage class certification decision, and Defendants' due process rights would be fundamentally impaired by proceeding on representative evidence, §1292(b) certification should be granted.

DATE:  June 16, 2014 	Respectfully submitted,

	/s/ *Michael D. Jones*
	Michael D. Jones, Esq. (admitted *pro hac vice*)
	(Email: mdjones@reedsmith.com)
	Reed Smith LLP

Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone: (215) 851 -8100

Thomas E. Hill, Esq. (admitted *pro hac vice*)
(Email: thill@reedsmith.com)
Reed Smith LLP
355 S. Grand Avenue, Suite 2900
Los Angeles, California  90071
Telephone:  (213) 457-8000

Ashley Lynn Fitzgerald, Esq.
(Email: afitzgerald@littler.com)
Littler Mendelson, P.C.
111 North Magnolia Ave., Suite 1250
Orlando, FL 32801-2366
Telephone: (407) 393-2900

Kimberly J. Gost (admitted *pro hac vice*)
(Email: kgost@littler.com)
Matthew J. Hank (admitted *pro hac vice*)
(Email: mhank@littler.com)
Nina K. Markey (admitted *pro hac vice*)
(Email:nmarkey@littler.com)
Sarah Bryan Fask (admitted *pro hac vice*)
(Email: sfask@littler.com)
Holly E. Rich (admitted *pro hac vice*)
(Email: hrich@littler.com)
Littler Mendelson, P.C.
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102
Telephone: (267) 402-3000

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I, Thomas E. Hill, hereby certify that on June 16, 2014, I electronically filed the foregoing Defendants' Reply Brief in Support of Motion For Leave to File an Interlocutory Appeal and For a Stay of Proceedings Under 28 U.S.C. § 1292(b) with the Clerk of the Court for the United States District Court (Middle District of Florida) using the CM/ECF system, which will send notification of such filing to:

> Dale J. Morgado
> (Email: dmorgado@ffmlawgroup.com)
> R. Edward Rosenberg
> (Email: erosenberg@ffmlawgroup.com)
> Armando Aguirre Ortiz
> (Email: aortiz@fmlawgroup.us)
> Feldman & Morgado, PA - Miami
> Suite 2902
> 100 N Biscayne Blvd
> Suite 2902
> Miami, FL 33132
> 305/222-7850

Dated:  June 16, 2014                                         /s/ *Michael D. Jones*